UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81780-CV-MIDDLEBROOKS/Matthewman

DONALD J. TRUMP,

    Plaintiff,

v.

LETITIA JAMES,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY INJUNCTION

THIS CAUSE is before the Court upon Plaintiff's Emergency Motion for Temporary Injunction. (DE 1-1 at 113). The Motion is fully briefed. (DE 9; DE 10). For the following reasons, the Motion is denied.

### BACKGROUND

This case arises out of requests for documents of Former President Donald J. Trump's ("Plaintiff" or "Mr. Trump") Florida trust ("Trust") pursuant to an enforcement action by the New York Office of the Attorney General ("OAG") led by Attorney General Letitia James ("Defendant" or "AG James"). In March 2019, the OAG began investigating Plaintiff and his New York businesses ("Investigation"). (DE 1-1, pp. 56-92 ("Amended Complaint" or "AC") at ¶ 64). The OAG initiated its Investigation following Congressional testimony by Michael Cohen, "a former senior executive of the Trump Organization and Special Counsel to Mr. Trump," wherein he produced copies of Plaintiff's financial statements that allegedly *inflated* the value of his assets to obtain favorable loans and insurance coverage while the Trump Organization simultaneously *deflated* the value of those same assets to reduce its tax burden. (DE 9 at 8-9). Plaintiff argues

that the Cohen testimony is a pretext to justify the Investigation and instead points to various public statements by Defendant as support for his theory that the OAG is "nothing more than a weapon in [Defendant's] arsenal to wage war on [Plaintiff]." (AC at ¶¶ 67, 76).

On August 24, 2020, the OAG commenced a special proceeding in the New York Supreme Court, New York County, to enforce subpoenas served during the Investigation.[1]  (*Id*. at 9); (AC at ¶ 75).  On February 17, 2022, Justice Engoron, the state-court Justice presiding over the special proceeding, denied a motion to quash filed by Mr. Trump and granted the OAG's motion to compel ("February 2022 Order").[2]  *See People of the State of New York v. The Trump Organization, Inc.*, No. 451G85/2020, 2022 WL 489625 (Sup. Ct. N.Y. Cnty. Feb. 17, 2022).  Justice Engoron rejected the Trump Respondents'[3] argument that the OAG's investigation was based on "personal animus" and that it amounted to selective prosecution.  *See id.* at *5-6.

The February 2022 Order has been affirmed by the state-appellate courts in New York.  On May 26, 2022, the February 2022 Order was unanimously affirmed by the New York Appellate Division's First Department.  *People by James v. Trump Org., Inc.*, 205 A.D.3d 625 (1st Dep't 2022) (affirming finding that the OAG's investigation was "lawfully initiated" and no selective prosecution).  On June 14, 2022, in a two-sentence order, the New York Court of Appeals—New York's highest court—dismissed Mr. Trump's appeal.  *People by James v. Trump Org., Inc.*, 38 N.Y.3d 1053 (2022) (holding that "no substantial constitutional question is directly involved.").

---

[1] The special proceeding is styled, *People v. The Trump Organization*, Index No. 451685/2020.  (DE 9 at 9).

[2] The following procedural history is adapted from Defendant's Response in Opposition because Plaintiff's Amended Complaint and Motion fail to detail any of it. (*See* DE 9 at 8-14).  In his Reply, Plaintiff does not dispute that the procedural history is correct, only that it should not be considered relevant to its Motion (more on that below).  (*See* DE 10 at 2).

[3] Donald J. Trump, Ivanka Trump, and Donald Trump, Jr.

2

Simultaneously, in December 2021, Mr. Trump and the Trump Organization LLC sued AG James under 42 U.S.C. § 1983 in the United States District Court for the Northern District of New York ("NDNY Action"). *Trump v. James*, No. 21-cv-1352, 2022 WL 1718951 at *1 (N.D.N.Y. May 27, 2022). Mr. Trump alleged that the OAG's investigation infringed on various of his constitutional rights. As summarized by Judge Sannes in the NDNY Action, Mr. Trump (and the Organization) asserted that AG James:

> (1) violated their Fourteenth Amendment due process rights by commencing "investigations against Plaintiffs in bad faith and without a legally sufficient basis," (2) violated their First Amendment rights by seeking to stifle Plaintiffs' free speech and retaliate against Plaintiffs based upon Mr. Trump's political views, (3) violated their Fourth Amendment rights by issuing subpoenas without any "justifiable legal or factual basis," and (4) abused process to advance her own political career and injure Mr. Trump personally and politically.

*Id*. at *4. Judge Sannes granted AG James's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds of *Younger* Abstention, *id*. at *14, and stated that, in the alternative, the case would be dismissed under Rule 12(b)(6) because of *res judicata*. *Id*. at *19. The Court also noted: "Plaintiffs' assertions that [AG James] conducted a 'baseless fishing expedition' and 'knowingly advanced claims that were unwarranted under existing law,' are wholly unsupported." *Id*. at *12 n.13. (citation omitted). Mr. Trump has appealed to the Second Circuit. (DE 9 at 11).

On September 21, 2022, following its Investigation, the OAG commenced an enforcement action pursuant to New York Law §63(12) ("Enforcement Action"). (*Id*. at 12). On November 14, 2022, following a granting of the OAG's motion for preliminary injunction, Justice Engoron appointed the Honorable Barbara Jones, a retired federal judge, to serve as monitor of the Trump Organization. (DE 9-1 at 2). Mr. Trump appealed to the New York Appellate Division's First Department, where it remains pending. (DE 9 at 13).

On August 31, 2022, an OAG Attorney emailed lawyers for Plaintiff requesting documents, pursuant to relevant subpoenas, related to Plaintiff's Trust. (DE 1-1 at 93). This set off a series of email exchanges between OAG Attorneys and Plaintiff's lawyers regarding what documents were outstanding. (DE 1-1 at 94-98). The final email in this chain, at least as presented by Plaintiff, is from his lawyer on September 16, 2022, stating, "I am working with the attorneys to get you your request without disclosing estate planning information." (DE 1-1 at 94).

On November 2, 2022, Plaintiff filed this action in the Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida. (DE 9 at 13). On November 14, 2022, Plaintiff filed his Amended Complaint ("AC") (DE 1-1 at 56) and an Emergency Motion for Temporary Injunction (*Id*. at 113). Plaintiff brings three counts against Defendant, "individually." Count I is brought under 42 U.S.C. § 1983 for various constitutional violations. (*Id*. at 81). Count II alleges violations of Plaintiff's rights to privacy and property under Florida law. (*Id*. at 86). Count III alleges violations of Plaintiff's rights as grantor and beneficiary of the Trust. (*Id*. at 90). In his Emergency Motion, Plaintiff requests a temporary injunction against Defendant, "either personally, through an agent or through any other persons acting in active concert or participation with her, from requesting, demanding, possessing or disclosing the 2020 or 2022 amendments" of Plaintiff's Trust. (DE 1-1 at 113). On November 16, 2022, Defendant removed to this Court. (DE 1).

## DISCUSSION

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court . . . ." *Cunningham v. Adams*, 808 F.2d 815, 819 (11th Cir. 1987) (citations omitted). "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the

injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A preliminary injunction is an "extraordinary and drastic remedy" that may only be granted upon a showing of all four prerequisites. *Id*. "The third and fourth factors 'merge' when, as here, the [g]overnment is the opposing party." *Gonzalez v. Gov. of Georgia*, 978 F.3d 1266, 1271 (11th Cir. 2020).

I find that Plaintiff fails to meet any of the prerequisites for a preliminary injunction. I will explain why below.

### 1. Likelihood of Success on the Merits

Defendant raises four reasons—all of which are likely correct—why Plaintiff has no substantial likelihood of success on the merits. First, it is not at all clear that a federal court sitting in West Palm Beach, Florida, has personal jurisdiction over the Attorney General of *New York*. Second, this action is barred by New York's interstate sovereign immunity. Third, this action is barred by issue and claim preclusion. And fourth, this action is barred under the *Rooker-Feldman* doctrine. I will briefly address Plaintiff's responses in turn.

To start, Plaintiff alleges that this Court has personal jurisdiction under the Florida Trust Code Long-Arm Statute (Fla. Stat. § 736.0202(2)(a)) and the Florida General Long-Arm Statute (Fla. Stat. § 48.193(1)(a)(2)). (DE 10 at 4, 6). Neither statute is availing in this case. Florida's Trust Code allows for the exercise of personal jurisdiction over any person who "[a]ccepts or exercises a delegation of powers or duties from the trustee of a trust having its principal place of administration in this state." Fla. Stat. § 736.0202(2)(a)(4). In this vein, Plaintiff alleges that Defendant "seeks to extend oversight and control" over the Trust. (AC at ¶ 88). If by this Plaintiff is referring to Justice Engoron's imposition of a monitor over the Trump Organization, the

5

argument is without merit. Any "control," over the Trust would be under the supervision of the New York courts. In that forum, not here, Plaintiff could raise objections. Moreover, it is not at all obvious, and Plaintiff cites no case law for support, that the Florida Trust Code was intended to reach government officials lawfully bringing enforcement actions for alleged fraud.

Florida Statute § 48.193(1)(a)(2) allows for the exercise of personal jurisdiction over persons that commit a tortious act within Florida. "In Florida, before a court addresses the question of whether specific jurisdiction exists under [Fla. Stat. § 48.193(1)(a)(2)], the court must determine 'whether the allegations of the complaint state a cause of action.'" *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010) (quoting *Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002)). Plaintiff alleges that Defendant's public statements, investigation, and subpoenas have stifled "the exercise of his constitutional rights in Florida." (AC at ¶ 22). Even assuming that Plaintiff's Enforcement Action is for an improper purpose, an unlikely assumption considering several courts in New York have found otherwise, there is no clearly established "right to be free from a retaliatory investigation" such that a valid § 1983 claim could be brought.[4] *See Rehberg v. Paulk*, 611 F.3d 828, 851 (11th Cir. 2010), *aff'd*, 566 U.S. 356 (2012).

Plaintiff's response to the rest of Defendant's arguments is the same: this action is brought against AG James in her personal capacity, not against the State of New York.[5] (DE 10 at 8-9). This argument is plainly frivolous. That Plaintiff styled the caption of the Amended Complaint as

---

[4] Even after all this, Plaintiff must still clear the even higher hurdle of the Due Process Clause. Given that Plaintiff is suing the Attorney General of New York, I doubt that the exercise of personal jurisdiction would be appropriate under the Due Process Clause.

[5] Implicitly, Plaintiff concedes that were the Amended Complaint brought against Defendant in her official capacity, then sovereign immunity, issue and claim preclusion, and *Rooker-Feldman* would bar this action.

"Letitia James, individually," is not determinative. *Welch v. Laney*, 57 F.3d 1004, 1010 (11th Cir. 1995) ("the complaint itself, not the caption, controls the identification of the parties and the capacity in which they are sued."). Plaintiff complains of "Defendant's conduct in commencing and continuing the [Enforcement Action]" and seeks a temporary injunction halting at least part of that action. (AC at ¶ 113). Tellingly, the Amended Complaint alleges almost verbatim many of the same allegations Plaintiff has made against AG James, in her official capacity, in various New York courts. Plaintiff's claims can only be characterized as brought against Defendant in her official capacity as Attorney General and thus this action is likely barred for all the reasons stated by Defendant in her Response in Opposition. (*See* DE 9 at 12-17).

### 2. Irreparable Harm

"A showing of irreparable injury is the sine qua non of injunctive relief." *Siegel*, 234 F.3d at 1176 (quotations and citation omitted). "[T]he asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Id*. Here, Plaintiff argues that he will suffer irreparable harm because "if [Defendant] obtains the Trust instrument the private details of President Trump's estate plan will end up widely published." (DE 1-1 at 122). Plaintiff comes to this conclusion based on Defendant's prior actions and New York public records laws. Yet, as Defendant points out, Plaintiff's counsel's last email to the OAG stated that he was in the process of producing responsive Trust documents with redactions of estate-planning portions. (DE 1-1 at 94). The OAG *has not* objected to a production of the Trust documents in this form. With nothing more than a few emails between Plaintiff's lawyers and the OAG, I do not see how Plaintiff demonstrates imminent irreparable harm—this is quintessentially speculative.

### 3. The Equities and Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the

public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). The Trump Organization has already been found guilty by a New-York jury of several counts of tax fraud. *See People v. Trump Organization*, 01473-2021, New York State Supreme Court (Manhattan). To now impede a civil Enforcement Action by the New York Attorney General would be unprecedented and contrary to the interests of the people of New York.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Emergency Motion for Temporary Injunction (DE 1-1 at 113) is **DENIED**.[6]

**SIGNED** in Chambers at West Palm Beach, Florida, this 21st day of December, 2022.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record

---

[6] Plaintiff, and Plaintiff's lawyers, are urged to reconsider their opposition to Defendant's Motion to Dismiss. This litigation has all the telltale signs of being both vexatious and frivolous.