

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
28 LIBERTY STREET
NEW YORK, NY 10005

LETITIA JAMES
ATTORNEY GENERAL

November 3, 2022

Hon. Arthur Engoron
Supreme Court, New York County
60 Centre Street
New York, NY 10007

      RE:    People v. Donald J. Trump, et al. – Index No. 452564/2022

Dear Justice Engoron,

      The Office of the Attorney General ("OAG") writes in advance of this morning's hearing to alert the Court to an important and highly relevant development. According to a social media post last night, Mr. Trump has filed suit against the New York Attorney General in a Florida state court seeking, again, to frustrate OAG's investigation and this enforcement action ("Florida Compl.").[1]

      This development puts beyond doubt that preliminary relief is warranted here for a few reasons. *First*, Mr. Trump is, in fact, attempting to shield the key documents governing the structure of his business conglomerate and ownership of his business assets from review. In particular, Mr. Trump asserts a legal right to shield from scrutiny the documents governing the Donald J. Trump Revocable Trust (the "Trust"), *see, e.g.*, Florida Compl. ¶ 118, despite, as this Court knows, having consented to this Court's jurisdiction over investigative subpoena enforcement. These documents are of obvious relevance; not only do they pertain to the merits, but they also pertain to ownership and control of the business assets and thus to available relief.[2]

---

[1] Attached is a copy of the complaint that purports to have been filed in the Circuit Court of the Fifteenth Judicial District in Palm Beach County, Civil Division.

[2] As has been noted, the Trust is the vehicle through which the Statements of Financial Condition were issued in many recent years; the trustees of that trust signed key letters and documents pertaining to the statements; and the trust, as a general matter, is the legal owner of the business entities that constitute the assets of the Trump Organization. *See, e.g.*, OAG Verified Complaint at ¶ 30.

EXHIBIT B

November 3, 2022
Page 2

*Second*, Mr. Trump admits he is seeking to put assets beyond this Court's reach. The purported suit seeks a declaration that OAG "has no jurisdiction over the assets of a Florida trust." *Id.* (text before Count II).

*Third*, Mr. Trump states he is a resident of Palm Beach, Florida. *Id.* ¶ 1. Although OAG has not sought attachment here, as OAG's reply papers articulated, one circumstance where the Legislature has articulated attachment is appropriate is when "the defendant is a nondomiciliary residing without the state." *See, e.g.*, C.P.L.R. 6201(1). Mr. Trump has thus admitted facts that would support the relief of attachment—and thus also support the more modest relief sought here.

*Fourth*, the Florida suit attempts to dispute the effective service of all defendants in this action by asserting—in a footnote—that OAG "failed to sue the trustee in his capacity as such," in this case. Florida Compl., fn. 1. All defendants have been properly served in this action. *See* Certificates of Service, NYSCEF Nos. 36 (including certification of service on Donald Trump, Jr. and the Trust by service upon Donald Trump, Jr.'s counsel, Alan Futerfas), 120. It is baseless to insist that the Trust has not been served in this case when the Complaint is plainly clear that Donald Trump, Jr. is sued in both his capacity as a Trump Organization executive (*see, e.g.*, OAG Verified Complaint at ¶ 32), as well as the trustee of the Trust (*see, e.g. id.* at ¶¶ 6, 38, 551, 727, 745, 758). The insistence that service has not been effected (and thus no jurisdiction would purportedly exist over the Trust) is only further evidence that the immediate relief OAG seeks is necessary to prevent responding Defendants from evading this Court's jurisdiction.

Respectfully submitted,

Kevin Wallace
Senior Enforcement Counsel
Division of Economic Justice